HAGEL, Judge,
concurring:
Although I concur in the result of this opinion, I respectfully disagree with the reasoning employed by the majority in part III.B regarding Mrs. Bonner’s claim for service connection for non-Hodgkin’s lymphoma under 38 C.F.R. § 3.313. In my view, the Court need not reach the issue of whether Mrs. Bonner’s claim for “cancer” in her 1975 DIC application included a claim for non-Hodgkin’s lymphoma because in order to prevail on her claim for an earlier effective date for DIC pursuant to § 3.313 the evidence must be at least in equipoise in support of her position that her husband died of non-Hodgkin’s lymphoma, and the Court correctly determined, albeit without detailed explanation, that the VA finding that he died of Hodg *197 kin’s disease is not “clearly erroneous.” Ante at 195; see 38 U.S.C. § 5107(b).
As set forth in the opinion above, the VA finding regarding the cause of death is a question of fact, which the Court cannot overturn absent a determination that it is clearly erroneous. Ante at 195; 38 U.S.C. § 7261(a)(4); see Turner v. Brown, 6 Vet.App. 256, 258 (1994). In 1976, VA concluded that Mr. Bonner’s cause of death was Hodgkin’s disease. R. at 292. The regional office readjudicated the claim in 1995 but did not alter its finding regarding the cause of death, and the Board did not disturb the regional office’s finding. R. at 1-35, 312-313. Although the majority does not address the evidence of record presented by Mrs. Bonner that her husband died of non-Hodgkin’s lymphoma, I believe that the record contains some evidence that Mr. Bonner died as a result of non-Hodgkin’s lymphoma but that it also contains evidence that he died from Hodgkin’s disease. The Naval Medical Center’s 1975 autopsy report states that Mr. Bonner had an “abdominal mass” that was most consistent with Hodgkin’s disease lymphocyte depletion type. R. at 274. But that report also notes that “this is a rare type of Hodgkins” making up only 2% of all cases, and it is found in patients “frequently present with fever and night sweats, and rarely present with a mass.” Id. In the June 19, 1995, National Institutes of Health report, an oncologist concludes that “[ijmmunohistochemical studies favor the diagnosis of non-Hodgkin’s lymphoma” but also notes that Mr. Bonner’s tumor contained cells which “simulat[ed] Hodgkin’s disease.” R. at 302-03. Both of these diagnoses are couched in terms of likelihood and probability. Because the National Institutes of Health report notes that Mr. Bonner’s tumor simulated Hodgkin’s disease and only “favors” the diagnosis of non-Hodgkin’s lymphoma, it was not clearly erroneous for VA to. find that this evidence is not in equipoise with the Naval Medical Center diagnosis of Hodgkin’s disease. 38 U.S.C. § 5107(b).
Because the Board did not disturb the VA finding that Mr. Bonner died of Hodgkin’s disease and because this Court has not overturned that determination, Mrs. Bonner’s argument for an earlier effective date for DIC under 38 C.F.R. § 3.313 is unavailing. Given that the evidence of record does not establish that Mr. Bonner died from non-Hodgkin’s lymphoma, the issue of the breadth of Mrs. Bonner’s initial claim for benefits is not, in my view, properly before us at this time. Consequently, I believe that it was unnecessary for the majority in part III.B to reach the question of whether a previously denied application for service connection for “cancer” may include a claim for non-Hodgkin’s lymphoma pursuant to G.C. Prec. 5-1994 and § 3.313. Ante at 193-95.